**STATE OF HAWAII, by its ATTORNEY GENERAL, on Behalf of the DEPART-MENT OF HAWAIIAN HOME LANDS and the Hawaiian Homes Commission, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 88–1651.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted January 9, 1989.

Decided Jan. 27, 1989.

Paul Alston and Corey Y.S. Park, Sp. Attys. Gen., State of Hawaii, Honolulu, Hawaii, for plaintiff-appellant.

Edward J. Shawaker and Robert L. Klarquist, Attys., Dept. of Justice, Land and Natural Resources Div., Washington, D.C., for defendant-appellee.

Livia Wang, Native Hawaiian Legal Corp., Honolulu, Hawaii, for amici curiae.

Before BROWNING, BEEZER and KOZINSKI, Circuit Judges.

PER CURIAM:

We affirm on the basis of Chief Judge Fong's excellent opinion, reported at 676 F.Supp. 1024 (D.Hawaii 1988), which we adopt as our own.

We need only address an issue raised principally by amici curiae, Native Hawaiian beneficiaries of the Hawaiian Home Lands trust: whether the common law of Hawaii required that the United States give actual notice of its claim to the land in question. We hold that the law of Hawaii has no bearing on the type of notice required by the Quiet Title Act. Whether or not the United States is a trustee for the benefit of native Hawaiians with respect to the land, and whether or not Hawaii trust law requires a trustee to provide actual notice to a beneficiary, the Quiet Title Act explicitly provides that constructive notice is sufficient to trigger the twelve-year statute of limitations. 28 U.S.C. § 2409a(k) (Supp. IV 1986). The common law of Hawaii cannot supersede the clear command of a federal statute.